UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ROBERT JOHNSON,

                              Plaintiff,          **COMPLAINT**

       -against-

                                              **JURY TRIAL DEMANDED**

PARKING SYSTEMS PLUS, INC.,

                                                **Case No.:**

                              Defendant.
---------------------------------------------------------------X

ROBERT JOHNSON ("Plaintiff" or "Mr. Johnson"), by his attorneys, JOSEPH & NORINSBERG, LLC, complaining of PARKING SYSTEM PLUS, INC., (hereinafter "Defendant" or "Company"), alleges upon knowledge as to his own actions, and upon information and belief as to all other matters, as follows:

**NATURE OF CASE**

1.      Plaintiff brings this civil action based upon Defendant's violations of: (i) the Equal Benefit Clause of 42 U.S.C. § 1981 ("Section 1981"); (ii) the anti-discrimination provisions of the New York State Human Rights Law ("NYSHRL") Exec. L. § 296 *et. seq*.; and (iii) any other cause(s) of action that can be inferred from the facts set forth herein.

**PRELIMINARY STATEMENT**

2.      This case stems from the conduct of Defendant's managerial employee, who repeatedly and brazenly referred to Plaintiff as a "Nigger" ("N-word"), and stated that he acted "Niggerish" at work. No black employee should be called the "N-word" at work. And yet, on multiple occasions, Plaintiff was called just that. Even more shocking, Defendant's employee was comfortable enough to do this in front of other employees. As will be set forth more fully below,

Plaintiff was subjected to pervasive racial discrimination and a hostile work environment at the hands of Defendant's employees. Furthermore, Defendant subjected Plaintiff to pervasive and ongoing racial discrimination, marginalization, and both micro and macroaggressions.

3. As set forth in more detail below, Defendant repeatedly engaged in egregious acts of discrimination based upon race and subjected Plaintiff to a hostile work environment in which, among other deplorable acts, Black people were compared to "crackheads" and "whore mongers".

4. By engaging in the substantial illegal conduct cited above, Defendant subjected Plaintiff to extreme verbal abuse, which caused Plaintiff severe emotional distress.

## JURISDICTION AND VENUE

5. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 42 U.S.C. § 1981 and 29 U.S.C. § 201, *et seq*.

6. The Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(ii), as all actions comprising the claims for relief occurred within this judicial district, and pursuant to 28 U.S.C. § 1391(b)(i), as one or more of the Defendants reside within this judicial district.

## DEMAND FOR A JURY TRIAL

8. Plaintiff respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

9. At all relevant times hereinafter mentioned, Plaintiff Robert Johnson, is a Black male, residing in the County of Suffolk, in the State of New York.

10. At all relevant times herein, Defendant PARKING SYSTEMS PLUS, INC., is a domestic business corporation, organized and existing under the laws of the State of New York, with a principal place of business located at 28th 4th Street, Valley Stream, NY 11581, in the County of Nassau and State of New York. At all times relevant herein, Plaintiff worked for Defendant at one of its client's location in Suffolk County.

11. At all times relevant herein, Plaintiff was and is a "person" and an "employee" within the meaning of the NYSHRL, and was acting within the scope of his employment with Defendants.

12. At all times relevant herein, Defendant was and is an "employer" within the meaning of the NYSHRL, and employed four or more "employees" within the meaning of the NYSHRL.

## BACKGROUND FACTS

**Plaintiff is Called the "N-Word" on Multiple Occasions in Front of Staff.**

13. On March 13, 2023, Plaintiff commenced his employment with Defendant as a parking lot valet attendant at the Northport VA Medical Center.

14. During all the relevant times, Plaintiff's immediate supervisor was Wesley "Doe," a Caucasian man.

15. Since the start of Plaintiff's employment, Wesley began making racial comments towards Plaintiff.

16. On or about the end March 2023, Wesley started to refer to Plaintiff as a N-word.

17. The first instance was when Plaintiff asked to leave to go get some breakfast and take a short break. In response, Wesley stated *"[o]h, someone is acting a little niggerish today."*

18. Plaintiff was *shocked* by Wesley's comment. Begrudgingly, Plaintiff kept his cool, put his head down, and continued to work, to avoid a confrontation and remain employed.

19. Shortly thereafter, on another occasion, on payday, Wesley asked Plaintiff, *"what are you going to do with your nigger-pennies, are you going to go buy some crack? Or spend it on some crack-whores?!?"* Said statements were made infront of Plaintiff's co-workers.

20. Wesley continued to freely and shamelessly use of the "N-word" after these two shocking interactions. Sometimes Wesley would use the "N-word" instead of Plaintiff's name when he referred to him in front of his colleagues.

21. The extent of the discrimination was so brazen that Defendant's employees overhead Wesley call Plaintiff the "N-word" on several occasions. (See Exhibit A, Declaration of Joseph Sullivan, dated August 3, 2023).

22. Joseph Sullivan, a co-worker of Mr. Johnson, on multiple occasions, and with regularity, personally heard and witnessed Wesley refer to Plaintiff by the N-word and other racial epithets. ( Ex. A, at ¶ 5) ("Throughout my entire tenure, approximately four months, on multiple occasions, and with regularity, I personally heard and witnessed Wesly refer to Robert as a "nigger" ("n-word") and other racial epithets.").

23. Specifically, Mr. Sullivan overheard Wesley "use the n-word instead of referring to Robert by name. Examples include, "come over here nword," "hey, n-word, I'm talking to you." (Id. at ¶ 6).

24. Mr. Sullivan confirms that Wesley was the supervisor of Mr. Johnson and himself. (Id. at ¶ 4) ("During my tenure, Robert was also employed as a parking lot attendant. Our shift

4

supervisor was Wesley last name unknown, ("Wesley") a white male, who was in charge of training and directing the staff on what they needed to do.").

**Wesley Attempts to Physically Assault Mr. Johnson.**

25. In June 2023, Wesley attempted to assault Plaintiff. Plaintiff and Wesley got into a routine work argument about scheduling. Out of nowhere, Wesley violently approached Plaintiff, and stated that he would "kick his ass." Wesley then told Plaintiff, in front of customers, to "*suck his cock*."

26. As plaintiff attempted to avoid a physical confrontation and walk away from Wesley, Wesley continued to taunt Plaintiff.

**Defendants Retaliate Against Plaintiff By Firing Him.**

27. In July 2023, after months of enduring racial discrimination and two attempted assaults, Plaintiff complained about Wesley to supervisors Jimmy, and Jeff.

28. Plaintiff specifically complained to Jimmy and Jeff about Wesley's use of the "N-word," and Wesley'sattempts to physical assault him.

29. Shockingly, in response, Jimmy and Jeff removed plaintiff from the schedule altogether, and terminated him.

## FIRST CLAIM AGAINST DEFENDANT
### (Racial Discrimination and Retaliation in Violation of 42 U.S.C. § 1981)

30. Plaintiff repeats, reiterates, and realleges each allegation set forth above with the same force and effect as if more fully set forth herein.

31. 42 U.S.C. § 1981 prohibits discrimination and retaliation in the terms, conditions, and privileges of employment because of an individual's race.

32. Defendant, as described above, discriminated and retaliated against Plaintiff in violation of the 42 U.S.C. § 1981 by making material decisions regarding Plaintiff's employment

such as limiting the scope of Plaintiff's ability to work without repercussions for engaging in protected activity, due to Plaintiff's race, and treating Plaintiff less favorably than similarly situated senior Caucasian employee, which resulted in Plaintiff being treated less favorably based upon his race. Worse still, after Plaintiff engaged in protected activity, Defendant took no remedial action, and Defendant illegally retaliated against Plaintiff by relocating Plaintiff to another location as a direct result of Plaintiff engaging in protected activity.

33. As a direct and proximate result of Defendant's discriminatory and retaliatory conduct in violation of 42 U.S.C. § 1981, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of future income, compensation and benefits for which he is entitled to an award of monetary damages and other relief.

34. As a direct and proximate result of Defendant's discriminatory and retaliatory conduct in violation of 42 U.S.C. § 1981, Plaintiff has suffered, and continues to suffer to this day, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, and lost earnings, for which he is entitled to an award of monetary damages and other relief.

**SECOND CLAIM AGAINST DEFENDANT**
*(Racial Discrimination and Harassment in Violation of the NYSHRL)*

35. Plaintiff repeats, reiterates, and realleges every allegation set forth above with the same force and effect as if more fully set forth herein.

36. The NYSHRL prohibits discrimination in the terms, conditions, and privileges of employment based on an individual's race.

37. Defendant, as described above, discriminated against Plaintiff in violation of the NYSHRL by permitting a persistent, widespread and long-term practice of racial discrimination against Plaintiff during the course of his employment.

38. By engaging in the foregoing conduct, Defendant violated Plaintiff's rights under the NYSHRL, in that Plaintiff was disparately treated based on his racial affiliation.

39. Defendant acted intentionally with malice, or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, pain and suffering, emotional distress, severe mental anguish, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of monetary damages and other relief.

### THIRD CLAIM AGAINST DEFENDANT
*(Retaliation in Violation of the NYSHRL)*

40. Plaintiff repeats, reiterates, and realleges every allegation set forth above with the same force and effect as if more fully set forth herein.

41. The NYSHRL prohibits retaliation by any person against any individual who in good faith complains about discriminatory practices to which he/she has been subjected.

42. Plaintiff is an "employee" within the meaning of the NYSHRL, while Defendant is an "employer" under the NYSHRL.

43. As described above, the Defendant retaliated against Plaintiff in violation of the NYSHRL when Plaintiff, in good faith, voiced his opposition to Defendant's unlawful labor practices and discriminatory practices based on race.

44. By engaging in the foregoing conduct, Defendant violated Plaintiff's rights under the NYSHRL in that Plaintiff was retaliated against for opposing discriminatory practices by Defendant.

45. Defendant acted intentionally, with malice or with reckless disregard for Plaintiff's rights, proximately causing plaintiff mental anguish, pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling plaintiff to an award of monetary damages and other relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a. Preliminary and permanent injunctions against the Defendant and its officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

b. A judgment declaring that the practices complained of herein are unlawful and in violation of the laws of the United States and New York State;

c. An order restraining Defendant from any retaliation against Plaintiff in any form for his participation in this litigation;

d. An award for all monetary damages which Plaintiff has sustained as a result of the Defendant's conduct, including back pay, front pay, general and special damages for lost compensation and employee benefits that he would have received but for Defendant's conduct, and for out-of-pocket losses that Plaintiff has incurred due to the Defendant's conduct;

e. An award for all non-monetary and/or compensatory damages, including but not limited to, compensation for severe mental anguish and emotional distress, humiliation,

8

depression, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, and emotional pain and suffering and any other physical or mental injuries;

f. An award of damages in an amount to be determined at trial to compensate Plaintiff for harm to his professional and personal reputations and loss of career fulfillment;

g. Punitive damages to the extent authorized by law in an amount commensurate with Defendant's ability and to deter future unlawful conduct;

h. Awarding Plaintiff costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs;

i. Pre-judgment and post-judgment interest, as provided by law; and

j. Granting Plaintiff other and further relief as this Court finds necessary and proper.

Dated: October 5, 2023
New York, New York

Respectfully submitted,

**JOSEPH & NORINSBERG, LLC**

By: _____/s/_____
Jon L. Norinsberg, Esq.
John Meehan, Esq.
110 East 59th Street, 23rd floor
New York, NY 10022
Tel: (212) 227-5700
Fax: (212) 406-6890
*Attorneys for Plaintiff*